# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| D. R. ANTHONY AND S. ANTHONY § | | |
| Plaintiffs § | | |
| § | | |
| VS. § | CAUSE NO. 2:23-CV-00284 | |
| § | | |
| JP MORGAN CHASE BANK, N.A. § | JURY DEMANDED | |
| Defendant § | | |

## FIRST AMENDED
## PLAINTIFFS' ORIGINAL PETITION

Now Comes D. R. Anthony, joined by his spouse S. Anthony ("Plaintiffs") and prior to an answer or responsive pleading filed by Defendant named herein, file this Plaintiffs FIRST AMENDED Original Petition complaining of JP MORGAN CHASE BANK, N.A., herein ("Defendant" or "JPM") filed prior to any answer or response of and for cause of action would show as follows:

## I.
## DAMAGES

1. Pursuant to Rule 47(c), Tex.R.Civ.Proc. all Plaintiffs' damages are less than $45,000.00.

## II.
## PARTIES

2. Plaintiffs Donald R. Anthony (sometimes "DRA") and Susanne Anthony (sometimes "SA") (collectively DRA and SA are "Plaintiffs", are both residents and citizens of Nueces County, Texas and have been such residents for many years prior to the actions made the basis of this suit.

3. Defendant JPM is a foreign corporation doing business in Nueces County, Texas and maintains as its registered agent in Texas for the purpose of service of process CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, TX 75201-3136.

## III.
## JURISDICTION AND VENUE

4. This Federal Court does not have subject matter jurisdiction over the Parties to this suit as citizens of the State of Texas or as a foreign corporation conducting regular business within the State of Texas.

5. Venue is proper in Nueces County, Texas. Plaintiffs are residents of Nueces County, Texas at all times relevant to this suit, and Defendant JPM is a foreign corporation conducting business in the State of Texas and in Nueces County, Texas and consistent with the Texas Business Organization Code venue is proper in any County within the State in which Defendant JPM conducts business.

## IV.
## BACKGROUND FACTS

6. Plaintiffs have been customers of JPM for many years. As provided in the various agreements Plaintiffs have timely performed all of their obligations and commitments under the terms of agreements with JPM.

7. Plaintiff DRA was a successful and respected endodontist in Corpus Christi, Texas for more than 40 years. As a result of his practice, he and his wife, Plaintiff SA, were well-respected and well-recognized citizens of Nueces County, Texas enjoying a good reputation.

8. In 2021 Plaintiff DRA suddenly became critically ill requiring immediate and life-threatening surgery. Although the initial surgery was successful the results of the health emergency required repeated surgery, repeated hospitalization, and left Plaintiff DRA unable to work at his

profession. This inability to work, together with the incredible medical expenses drained much of the available assets and cash built up over the years of practice by Plaintiff DRA as well as required significant costs for medications, assistance, travel for treatments and related surgeries that continued through 2022.

9. During this time, and to be certain that Plaintiffs maintained their obligations to JPM, all required payments were maintained until early 2023 when the ability to do so became threatened by the now-permanent loss of income from the inability to not only practice his profession but his inability to travel to his professional offices and assist in any manner. The realities of their ongoing financial obligations and the inability for forecast the continue ability to funds their obligations, Plaintiffs sought the advice and counsel of an attorney.

10. Directly as a result of this Plaintiffs financial issues in early 2023 they both authorized their attorney to contact JPM in writing notifying JPM of the events and the significant financial and ongoing medical issues and requested that JPM contact their attorney to develop and enter into an accommodation to deal with the financial burdens that had developed and continued to accrue.

11. Plaintiffs' attorney wrote a detailed letter outlining the health and financial issues, suggesting that Plaintiffs' desired to arrange or re-arrange their obligations to Defendant JPM and that there was urgency based on continued surgery and health planning that caused significant anxiety to both Plaintiffs.

12. Instead of any acknowledgment or discussion with Plaintiffs attorney, Defendant JPM knowingly and intentionally remained silent, refusing to discuss or even contact Plaintiffs agent and attorney, silence that has continued for the months following the efforts to discuss arrangements or financial re-arrangement. During this same period of time Defendant JPM

First Amended Complaint

continued to demand payments, accrue and threaten suits, and took other actions that was intended to cause mental stress and anguish to Plaintiffs.

13. As a direct and proximate result of Defendant JPM's refusal to communicate with Plaintiffs attorney and its continued demands and accrual of interest coupled with both adverse credit reports and intentional damage to credit, Plaintiffs have now lost their other many-years favorable credit rating and access to credit. Plaintiffs have been informed by their credit report services that Defendant JPM has or intends to file suit against Plaintiffs without agreeing to communicate or even correspond with Plaintiffs disclosed attorney and agent. Plaintiffs are fearful that not only will JPM refuse to discuss their financial relationship with Plaintiffs but may sell their obligations to a third party with which Plaintiffs have no relationship and face actions and threats based on the condition of their accounts directly related to Defendant JPM's refusal to communicate with Plaintiffs.

## V.
## CAUSES OF ACTION

### A. Intentional Damage to Credit and Credit Rating

14. Plaintiffs incorporate by reference the allegations of ¶¶ 1 through 13 into this cause of action, as if set out herein verbatim.

15. Defendant JPM not only refused for months to communicate with Plaintiffs attorney and agent regarding the dealing and handling of their financial relationship, but also reported to the credit agencies that amounts were past due and suits were filed or to be filed, notwithstanding the requests for discussions before any events of default or even the right to declare a default existed.

16. As s direct and proximate result of Defendant JPM's refusal to communicate or even correspond with Plaintiffs attorney, and the publication of adverse credit information or

reports of suits filed without a copy furnished to Plaintiffs or Plaintiffs' counsel, have destroyed Plaintiffs credit and credit rating, at a time Plaintiffs most needed the benefits of their many-year good credit ratings.

17. As a direct and proximate result of the conduct of Defendant JPM Plaintiffs have been damaged in the sum of $45,000.00 in actual damages, punitive damages, and attorney's fees.

**B. Intentional Infliction of Emotional Distress as go Plaintiff DRA**

18. Plaintiffs incorporate by reference the allegations of ¶¶ 1 through 17 into this cause of action, as if set out herein verbatim.

19. Defendant JPM was notified before any default occurred in or regarding the financial relationship between Defendant JPM and Plaintiff DRA, fully and clearly explaining the serious and life-threatening medical issues confronting Plaintiff DRA and knew or should have known that refusal to discuss or even communicate with Plaintiff DRA's attorney and Plaintiff DRA would significantly aggravate and worsen the medical condition of Plaintiff DRA.

20. Plaintiff not only refused to communicate with Plaintiff DRA's attorney and Plaintiff DRA but commenced activities intended to, and in fact did, cause significant injury, mental stress, physical impairments including loss of sleep and significant anxiety and worry, headaches, and other physical manifestation of emotional distress.

21. As a direct and proximate result of the conduct of Defendant JPM Plaintiffs have been damaged in the amount referenced above.

### C. Texas Debt Collection Act (TDCA). Tex. Fin. Code Ann. §§392.001 *et seq*. and Off-set of Damages[1]

22. Plaintiffs incorporate by reference the allegations of ¶¶ 1 through 21 into this cause of action, as if set out herein verbatim.

23. Plaintiffs now dispute the claims of Defendant JPM and serve this suit to not only exercise Plaintiffs right to dispute claims made by Defendant JPM but to allow an off-set of amounts of damages Defendant JPM may be required to pay to Plaintiffs.

24. Plaintiffs hereby give notice of its objections and intention to contest and amounts that Defendant JPM may claim as due, but also that Plaintiffs intend to exercise their rights of offset notwithstanding Defendants JPM attempt to sell or transfer the obligations that Defendants may claim are due by Plaintiffs.

25. Without fraud on the Plaintiffs, Defendant JPM cannot sell or transfer in whole or in part any claim or obligation to or claimed by Defendant JPM of Plaintiffs without notifying any such prospective purchase of such interest (herein the "Interests") and without giving actual notice of these demands made by Plaintiff and of this suit, such that any sale or transfer to any third-party cannot claim (without the fraudulent withholding of information by Defendant JPM intended to damage or injury Plaintiffs) the status of a bona-fide purchaser for value of any such Interest.

### D. Recovery of Damages and Off-Set of Damages

26. Plaintiffs incorporate by reference the allegations of ¶¶ 1 through 25 into this cause of action, as if set out herein verbatim.

27. Plaintiffs intend, and give notice of their intention, to off-set or recoup all damages recovered by this suit against Defendant JPM from any claim or obligation found to be due and

---

[1] Plaintiffs have asserted no claim under Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (the "FDCPA") as alleged by Defendant.

First Amended Complaint

owing by Plaintiffs to Defendant JPM, if any.

28. Plaintiffs intend to file such amended pleadings, and counterclaim that may be just and appropriate and to exercise their rights of off-set or recoupment with respect to any such counterclaims.

**E.     Attorney Fees**

29. Plaintiffs are entitled to recover from Defendant JPM all of their reasonable and necessary attorney's fees arising from the agreements and breach of those agreements by Defendant JPM.

30. Additionally, Plaintiffs are entitled to recover from Defendant JPM all reasonable and necessary attorney's fees for the successful defense of any favorable judgment on appeal, and for the attorney's fees for the successful reversal of any unfavorable judgment on appeal.

## VI.
## DEMAND FOR JURY TRIAL

31. Plaintiffs respectfully demands a jury trial and tenders the appropriate fee with this First Amended Petition.

## VII.
## PRAYER

32. Plaintiffs pray that upon Defendant's appearance and answer herein, this Court grant judgment for:

    a. the amount actual damages, punitive damages, and reasonable and necessary attorney's fees; and

    b. pre-judgment interest at the maximum rate of interest permitted by law; and

    c. costs of suit; post-judgment interest, at the highest rate permitted by law; and

    d. any and all other relief to which Plaintiffs may be entitled, both at law and in equity.

Page 7 of 8

First Amended Complaint

DATED: November 7, 2023

                                        Respectfully Submitted,

                                        */s/ Shelby A. Jordan*
                                        Shelby A. Jordan
                                        State Bar # 11016700
                                        Antonio Ortiz
                                        State Bar No. 24074839
                                        Jordan & Ortiz, P.C.
                                        500 N. Shoreline Blvd., Suite 804
                                        Corpus Christi, Texas, 78401
                                        Telephone: (361) 884-5678
                                        Telecopier: (361) 888-5555
                                        Email: sjordan@jhwclaw.com
                                                    aortiz@jhwclaw.com
                                        copy to: cmadden@jhwclaw.com
                                        **COUNSEL FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that on November 7, 2023, a true and correct copy of the foregoing was served on the parties listed below via ECF electronic filing.

GREGG D. STEVENS
HELEN MOSOTHOANE
State Bar No. 24096191
MCGLINCHEY STAFFORD
6688 North Central Expressway, Suite 400
Dallas, Texas 75206

                                        */s/ Shelby A. Jordan*
                                        Shelby A. Jordan